**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114714

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Robert G. French, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Capital Management Services, LP,<br><br>Defendant. | Docket No: 1:17-CV-1386 (GTS/ATB)<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Robert G. French, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Capital Management Services, LP (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Robert G. French is an individual who is a citizen of the State of New York residing in Warren County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Capital Management Services, LP, is a New York Limited Liability Partnership with a principal place of business in Erie County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated October 8, 2017. (**Exhibit 1.**")

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

19. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

20. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the

2

amount of the debt accurately from the perspective of the least sophisticated consumer.

21. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

22. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

23. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

24. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

26. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

27. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016) ("*Avila*").

29. The Letter indicates that the debt was subject to interest.

30. The Letter indicates that the debt accrued interest of $1,144.44.

31. The Letter indicates that the debt was subject to "Non-Interest Charges or Fees."

32. The Letter indicates that the debt accrued "Non-Interest Charges or Fees" of $2,007.42.

33. The Letter fails to include any "safe harbor" language concerning the accrual of interest and/or "Non-Interest Charges or Fees" as required by *Avila*.

34. The Letter fails to indicate the minimum amount Plaintiff owed at the time of receipt of the Letter.

35. The Letter fails to provide information that would allow the least sophisticated

3

consumer to determine the minimum amount he or she owes at the time of receipt of the Letter.

36. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

37. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

38. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

39. For instance, the Letter fails to indicate whether additional interest will be added.

40. For instance, the Letter fails to indicate the applicable interest rate.

41. For instance, the Letter fails to indicate the date of accrual of interest.

42. For instance, the Letter fails to indicate the amount of interest during any measurable period.

43. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of "Non-Interest Charges or Fees" owed.

44. For instance, the Letter fails to indicate whether additional "Non-Interest Charges or Fees" will be added.

45.

46. For instance, the Letter fails to indicate the date such "Non-Interest Charges or Fees" will be added.

47. For instance, the Letter fails to indicate the amount of "Non-Interest Charges or Fees" during any measurable period.

48. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees, costs, interest, or "Non-Interest Charges or Fees" that may cause the amount stated to increase.

49. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

50. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

51. The Letter, because of the aforementioned failures, would render the least

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

sophisticated consumer unable to determine the amount of his or her debt.

52. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

53. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

54. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

55. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

56. Because of the aforementioned failures, the least sophisticated consumer would likely be confused as to the amount of the debt.

57. Because of the aforementioned failures, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

58. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. *See Carlin v. Davidson Fink, LLP*, 852 F.3d 207 (2d Cir. 2017); *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016).

## CLASS ALLEGATIONS

59. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a letter that fails to include the safe harbor required by *Avila*, from one year before the date of this Complaint to the present.

60. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a letter substantially similar to the Letter herein, from one year before the date of this Complaint to the present.

61. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

62. Defendant regularly engages in debt collection.

5

63. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using letters that fail to include the safe harbor required by *Avila*.

64. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a letter substantially similar to the Letter herein.

65. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

66. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

67. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

68. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Plaintiff's attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: December 26, 2017

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114714